[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
George McCleskey is appealing from the denial by the trial court on August 25, 1998, of his motion for a nunc pro tunc order "re-issuing" the date of the court's prior order dismissing his October 16, 1997, petition for post-conviction relief, which the court had previously overruled.
McCleskey was indicted and convicted following a jury trial in 1993 of sixteen counts of sexual crimes committed against four different children. He was sentenced to incarceration on all counts, which include ten life sentences.
He moved for a new trial following the verdict. This motion was denied on December 3, 1993. He filed another petition for post-conviction relief on October 17, 1997, which was overruled by summary judgment on October 31, 1997.
Because McCleskey was sentenced prior to September 21, 1995, he was required to file any petition for post-conviction relief within 180 days after the filing of the trial transcript in the Court of Appeals on direct appeal or within one year of September 21, 1995, whichever date was later. See R.C. 2953.21(A)(2); Section 3, Am.Sub.S.B. No. 4. The petitioner may avoid the application of the general rule by showing that he was unavoidably prevented from discovering the facts upon which his petition relied, or that his claim for relief relied upon a newly recognized state or federal right and by showing by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty. R.C. 2953.23(A)(1)(a)(b)(2). It is well settled that "a trial court's jurisdiction to entertain petitions for post-conviction relief is limited by R.C. 2953.23(A)." State v. Ayers (Dec. 4, 1998), Montgomery App. No. 16851, unreported. McCleskey has not demonstrated any of the statutory grounds for relief from the one-year deadline. Not only did McCleskey not demonstrate that he did not know of the facts in time to file his petition within limits, he admits in his brief, as pointed out by the appellee, that the facts he is relying upon in his October 16, 1997 petition were in existence and discoverable well before the time of his trial.
The trial court lacked jurisdiction to consider McCleskey's petition for post-conviction relief, and the judgment dismissing it is hereby affirmed.
GRADY, P.J. and WOLFF, J., concur.